(121 App. Div. 457.)

### McKANE v. WILLIAMSON et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1907.)

CONTRACTS—BUILDING CONTRACT—ISSUES, PROOF, VARIANCE.

    Under a complaint alleging that defendants contracted with plaintiff for him to furnish materials and labor and to erect buildings pursuant to plans by them provided, and that, in accordance therewith, he furnished material consisting or brick, lime, etc., and other building material, and furnished labor and completed the buildings at the agreed price, and value of a sum named, evidence was admissible that plaintiff was to be compensated on a basis whereby he was to receive, in addition to their cost to him, 50 cents a day for each man employed, 50 cents a 1,000 for brick used, etc., and to show the number of men employed in the work, the number of days each worked, the number of brick used, etc., and was not subject to the objection of variance.

Appeal from Trial Term, Kings County.

Action by Theodore McKane against S. Stryker Williamson and others. Judgment for defendants, and plaintiff appeals. Reversed, and a new trial granted.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Frederick W. Sparks (Leonard J. Reynolds, on the brief), for appellant.

Jerry A. Wernberg, for respondents.

RICH, J. The question to be determined involves a consideration of the second and third subdivisions of the complaint, which are as follows:

"(2) That on or about the 1st day of April, 1892, these defendants entered into a contract or agreement with this plaintiff for him to furnish materials and labor as a mason builder and to erect said buildings pursuant to plans by them provided, and to pay him for the said materials and labor as the work progressed.

"(3) That this plaintiff entered into the performance of his duties as such contractor and builder, and between the said 1st day of April, 1892, and the 1st day of September, 1892, he furnished material consisting or brick, lime, cement, sand, and other building material, and furnished labor and completed said buildings and appurtenances thereto pursuant to his agreement, at the agreed price and value of $21,061.85."

Upon the trial, the plaintiff proved an oral contract made with the defendant McKane in the presence of the defendant Williamson (it being alleged that the defendants were copartners in the construction of the buildings to recover for the erection of which this action was brought), in substance, that plaintiff was to furnish the labor and materials for the construction of the buildings and be paid therefor, in addition to their cost to him, 50 cents a day for each man employed on the work, 50 cents a thousand for brick used, 15 cents a barrel for Rosedale and 10 cents a barrel for Portland cement used, the aggregate of which amounts represented his profits. After making this proof, he attempted to show the number of men engaged in the work and the number of days each worked, and the number of brick and barrels of cement used, as the basis for his recovery. This evidence was objected to as immaterial and irrelevant, the objections were sustained and exceptions to the rulings duly taken. He then asked to amend his complaint in such manner as to permit the admission of this evidence. This was denied, the trial court holding that such amendment would permit recovery for a cause of action different from the one alleged.

I think the evidence was admissible under the allegations of the complaint. The fact that, in order to establish the amount that the plaintiff was entitled to recover under his contract, it became necessary to prove the various items upon which his compensation was based, did not constitute a cause of action different from that alleged in the words:

"He furnished material consisting of brick, lime, cement, sand and other building material, and furnished labor and completed said buildings and appurtenances thereto pursuant to his agreement, at the agreed price and value of $21,061.85."

The only variance of the proof offered and excluded from the allegations of the complaint would be the possibility that the aggregate would not be the same, which would be an immaterial variance. The contract had been proven, with the exception of the amount which un-

der its provisions the plaintiff was entitled to recover. The essential elements of furnishing the labor and materials required and completing the buildings in accordance with the plans furnished him by the defendants having been established, the aggregate amount of his recovery, although based upon 50 cents a day for each man employed, 50 cents a thousand for brick used, and 15 and 10 cents per barrel, respectively, for cement used, was yet within the allegation of his pleading, for the aggregate constituted the "agreed price and value." The theory upon which the action was tried, viz., that the defendants had plans for the construction of the buildings which the plaintiff agreed to and did follow and comply with, that he furnished the necessary labor and materials and fully performed his contract, thereby becoming entitled to recover, as the amount agreed to be paid him, sums amounting in the aggregate to the sum alleged, was within the averments of the complaint, and the exclusion of this evidence presents reversible error.

The judgment should be reversed and a new trial granted, costs to abide the event. All concur.